# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

CHARLES CLAY,

    Plaintiff,

v.

DETROIT POLICE DEPARTMENT
Booking Office,

    Defendant.
_____/

CASE NO. 06-CV-12607

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's complaint be *sua sponte* **DISMISSED WITH PREJUDICE** because it fails to state a claim upon which relief can be granted.

### II.    REPORT

#### A.    Introduction

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 4.) Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Macomb Correctional Facility in New Haven, Michigan. Plaintiff's application to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on July 13, 2006.  After screening the complaint, I conclude that the case is ready for Report and Recommendation.

    **B.**    **Governing Law**

    **1.**    **Screening Provisions**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[1] 28 U.S.C. § 1915(e),[2] and 42 U.S.C. § 1997e(c)(1),[3] the Court must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

  **2.**  **Exhaustion Requirement**

Prisoner civil rights cases are also subject to the Prison Litigation Reform Act's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). However, the Prison Litigation Reform Act also provides that, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which

3

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

### C.  The Complaint

Plaintiff asserts that he was handcuffed to the point of being in unbearable pain and dragged down a hallway by a black officer at the Detroit Police Department's "12 percent booking office."[4] (Compl., Dkt. 1 at 4.) Plaintiff states that he had done nothing to the black officer, but rather "the problem was an argument with two white officers." (*Id*.) The complaint further asserts that, at the end of the hallway, the black officer repeatedly rammed Plaintiff's head and face into a steel door until he blacked out. (*Id.*) When he regained consciousness, he claims that his pants were down and a female officer was looking at him "real strange." (*Id*.) He states that he was taken to Detroit Receiving Hospital, but does not give any indication of the nature or extent of his injuries. Further, the complaint does not indicate when this incident took place. No grievance documentation is attached to the complaint, but Plaintiff does state that he "used mental health grievance steps, because no one else would help." (*Id*. at 3.)

### D.  Discussion

Construing the *pro se* complaint liberally, it asserts that Plaintiff's right to be free from excessive force was violated. This right can arise from either the Fourth Amendment, Fourteenth Amendment, or Eighth Amendment to the U.S. Constitution, depending upon whether Plaintiff was a free citizen being booked by his arresting officers, a pretrial detainee, or a convicted prisoner at the time of the incident. *See Phelps v. Coy*, 286 F.3d 295, 299-300 (6th Cir. 2002). Regardless of whether the right alleged to have been violated had its basis in the Fourth or Eighth Amendment,

---

[4]The Court believes that Plaintiff intended to identify the "twelfth precinct."

4

a civil action alleging deprivation of a constitutional right is properly brought pursuant to 42 U.S.C. § 1983.[5]  A claim under § 1983 consists of two essential elements:  (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff's complaint, I suggest, is fatally deficient under the first element, as it is well-settled that a police department is not a not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action.  *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("the police department is not a legal entity against whom a suit can be directed"); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) (same); *Moomey v. Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980) (same). Accordingly, although Plaintiff has not demonstrated that he exhausted his administrative remedies, I suggest that this case is subject to *sua sponte* dismissal with prejudice for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(2).

---

[5]The statute provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: July 14, 2006 | United States Magistrate Judge |

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, and served in the traditional manner on Charles Clay and Honorable David M. Lawson.

|  |  |
|---|---|
| Dated:  July 14, 2006 | By         s/Mary E. Dobbick |
|  | Secretary to Magistrate Judge Binder |

6