UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES CLAY,

        Plaintiff,

v.                                        Case No: 06-12607-BC
                                           Honorable David M. Lawson

DETROIT POLICE DEPARTMENT,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING MOTION TO APPOINT COUNSEL

On July 14, 2006, Magistrate Judge Charles E. Binder issued a report recommending that this case be dismissed on the Court's own motion for failure to state a claim upon which relief can be granted. As stated in the magistrate judge's report, objections to the report must be filed within ten days or they are waived and the report may be adopted by the Court. On August 1, 2006, the Court received a letter from the plaintiff. The letter states, "Please help me and grant me the time to try to put this together or can you apoint [sic] somebody to help." This letter will be construed as a motion to appoint counsel and for an extension of time to file objections.

Counsel is not routinely appointed in civil cases. "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)). This does not appear to be a case in which the Court should exercise its discretion and expend limited resources by appointing counsel. Inasmuch as the plaintiff's letter seeks the appointment of counsel, the request will be denied. However, the plaintiff's request for additional time to file objections will be granted. Any objections the plaintiff files must be specific. The Sixth Circuit recently noted, "[o]verly general objections do not satisfy the objection requirement." *Spencer v.*

*Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995).   "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725.

Accordingly, it is **ORDERED** that the plaintiff's motion [dkt # 9] is **GRANTED in part and DENIED in part**.  The plaintiff may file objections to the magistrate judge's report **on or before September 1, 2006.**

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 4, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS