UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES CLAY

                Plaintiff,                Case Number 06-12607-BC
                                                     Honorable Thomas L. Ludington

v.

JOHN DOE,
Detroit Police Officer,

                Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND,
REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
ORDERING REFERENCE TO MAGISTRATE JUDGE,
AND DENYING PLAINTIFF'S MOTION TO HOLD IN ABEYANCE**

Plaintiff Charles Clay filed a prisoner civil rights case *pro se* under 42 U.S.C. § 1983, alleging improper conduct by members of the Detroit Police Department. After a general order of reference to Magistrate Judge Charles E. Binder, pursuant to 28 U.S.C. § 636(b), the magistrate judge recommended that the Court dismiss Plaintiff's complaint *sua sponte*, because Plaintiff sued the Detroit Police Department, which is neither a legal entity capable of being sued nor a "person" for purposes of a § 1983 action. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997). In an order dated August 4, 2006, this Court granted Plaintiff's motion to extend the time to file objections to the magistrate's report and recommendation until September 1, 2006. On August 17, 2006, Plaintiff filed motions to amend his complaint, to hold in abeyance objections to the magistrate's report and recommendation, and to issue a subpoena for the Detroit Police Department's internal affairs investigation. *See* [dkt #11]. Specifically, Plaintiff requested leave to amend his complaint to name an unidentified officer at the Detroit Police Department, rather than the Department itself.

This Court must liberally construe *pro se* filings and hold them to a less stringent standard than similar draftings from an attorney. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). Also, Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely granted, where justice so requires. Regarding § 1983, a claim must show the following elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) [that] the deprivation was caused by a person acting under color of state law." *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996) (citations and footnote omitted).

Here, Plaintiff sought leave to amend his complaint within the extended time to file objections to the magistrate's report and recommendation. Plaintiff requests leave to amend to name an unidentified individual, a police officer, rather than the Detroit Police Department. Plaintiff's intervening amendment would resolve the ground on which the magistrate recommended a dismissal by naming a person possibly capable of violating § 1983.

Accordingly, it is **ORDERED** that Plaintiff's motion to amend [dkt #11] is **GRANTED.**

It is further **ORDERED** that Plaintiff may amend his complaint.

It is further **ORDERED** that the magistrate's report and recommendation [dkt #8] is **REJECTED**, in light of Plaintiff's intervening motion to amend his complaint.

It is further **ORDERED** that any pretrial matters, including Plaintiff's Motion for Subpoena of Internal Affairs Investigation of Officer John Doe at the 12th Prescient [*sic*] in Detroit, filed August 17, 2006 [dkt #11], be referred to United States Magistrate Judge Charles E. Binder, consistent with 28 U.S.C. § 636(b)(1)(A).

It is further **ORDERED** that Plaintiff's motion to hold his objections to the magistrate's report and recommendation in abeyance [dkt #11] is **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 18, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS